No. 26-30556

# Inc the United States Court of Appeals for the Fifth Circuit

PARISH OF CAMERON,
*Plaintiff-Appellant*

STATE OF LOUISIANA, ET AL.,
*Intervenor Plaintiffs-Appellants*

v.

BAY COQUILLE, INC., ET AL.,
*Defendants-Appellees*

---

On Appeal from the United States District Court
for the Western District of Louisiana
No. 2:26-cv-1339, Hon. Terry Doughty

---

## MOTION TO CONSOLIDATE AND OPPOSITION TO MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

---

VICTOR L. MARCELLO
A. PAUL LEBLANC, JR.
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
(225) 400-9991
vmarcello@tcmlawoffice.com

*Counsel for Appellant Parish of Cameron*

ELIZABETH B. MURRILL
Attorney General

J. BENJAMIN AGUIÑAGA
Solicitor General
CAITLIN HUETTEMANN
Assistant Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

*Counsel for Appellants Louisiana and Louisiana Department of Energy and Natural Resources*

## CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required here because, under the fourth sentence of Fifth Circuit Rule 28.2.1, Appellants—as "governmental" parties—need not furnish a certificate of interested persons.

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

## MOTION AND OPPOSITION

The Court should consolidate this case with *Parish of Cameron v. Devon Energy Production Co., LP*, No. 26-30505 (5th Cir.) because it arises from the same remand order at issue in *Devon*. In addition, the Court should deny the motion to dismiss this appeal for lack of jurisdiction, ECF 20 (Mot.), or alternatively carry the motion with the case and refer it to the merits panel.[1]

1. This is one of several coastal cases removed from Louisiana state court under the federal-officer removal statute, 28 U.S.C. § 1442(a)(1). Nearly a dozen of these cases were or are pending before the district court below, each involving various assortments of defendants.

On August 19, the district court "issued a consolidated ruling" regarding the remand of each case to Louisiana state court. Dist.Ct.ECF 40. That consolidated ruling is *Parish of Cameron v. Alpine Exploration*

---

[1] Louisiana is filing identical briefs and consolidation motions in six other pending appeals all arising from the same remand order. *Parish of Cameron v. Chevron* (No. 26-30557); *Stutes v. BASF* (No. 26-30567); *Parish of Cameron v. Union Oil* (No. 26-30559); *Parish of Cameron v. Chevron USA* (No. 26-30569); *Parish of Cameron v. Chevron Pipe Line* (No. 26-30561); *Parish of Cameron v. Chevron* (No. 26-30555). "Louisiana" for purposes of this brief includes both the State and the Parish. The motion attempts to suggest that the Parish has waived this appeal because the Parish *alternatively* requested the district court's certification under 28 U.S.C. § 1292(b). That suggestion plainly misrepresents the Parish's alternative request. But, in all events, it is irrelevant given that the motion does not make this argument against the State of Louisiana itself.

*Co.*, 2026 WL 2428143 (W.D. La. Aug. 19, 2026) (Order). The motion describes the Order as "*den[ying]* [Louisiana's] motion" to remand in this case. Mot.2 (emphasis added). But that is only half true. The Order also *granted* Louisiana's motion to remand in three other cases, including, as relevant here, *Parish of Cameron v. Burlington Resources Oil & Gas Co., LP*, No. 26-cv-1335 (W.D. La.). The district court then expressly incorporated the Order into remand judgments entered in the dockets of all related cases. *E.g.*, Dist.Ct.ECF 40.

The Order's discussion of *Burlington* was intertwined with the Order's discussion of this case and others. For example, the Order jointly addressed (and rejected Louisiana's arguments regarding) timeliness and other procedural defects as to both *Burlington* and this case (and the others). Order, 2026 WL 2428143, at *2–4. And when considering the substantive merits, the Order built its discussion of *Burlington* (and the *grant* of remand) on its prior discussion of this case and others regarding the *denial* of remand. *See id.* at *12 (directing the reader to "[r]ecall" that prior discussion); *see id.* at *11–14 (comparing and contrasting results for *Burlington* (remand) versus this case and others (no remand)).

*Burlington* is now pending on appeal in this Court, though renamed as *Devon*. *See* No. 26-30505. At the motions stage in that appeal, Devon Energy Production Co., L.P. (the sole live defendant in that case) has launched a frontal assault on the "omnibus" Order. *See id.*, ECF 7-1 at 8–10, 21–23.[2] And although that assault is meritless, out of an abundance of caution Louisiana will raise alternative grounds for affirming the Order in that case—including the timeliness and other procedural defects considered in the Order that, if credited, would confirm not only that *Burlington/Devon* itself was appropriately remanded but also that *this case and the others* should have been remanded as well.

2. There is no question that this Court has jurisdiction to review the Order in *Burlington/Devon*, No. 26-30505. That is because, where a case was removed under the federal-officer removal statute, Congress has authorized the appeal of "[a]n order remanding a case to the State court from which it was removed." 28 U.S.C. § 1447(d). The appeal in *Burlington/Devon* falls within that provision because the district court remanded that case to state court pursuant to the Order.

---

[2] The *Burlington/Devon* motions panel recently entered a stay order, which is now pending before the Supreme Court on Louisiana's application to vacate. *See Louisiana v. Devon Energy Prod. Co., L.P.*, No. 26A499 (U.S.). The Supreme Court has requested a response to the application by Wednesday, October 21.

There also is no question that this Court has jurisdiction to review the *entirety* of the Order in *Burlington/Devon*. Squarely binding Supreme Court precedent holds that "the statute allows courts of appeals to examine the whole of a district court's 'order,' not just some of its parts or pieces." *BP P.L.C. v. Mayor & City Council of Balt.*, 593 U.S. 230, 237 (2021). Indeed, the Supreme Court could not have been any clearer: "§ 1447(d) permits appellate review of the district court's remand order—without any further qualification." *Id.* at 239. So, once the district court enters a remand order, "the whole of its order bec[omes] reviewable on appeal." *Id.* at 238.

3. Because the Order is squarely before the Court in *Burlington/Devon*, No. 26-30505, Louisiana intends to defend or challenge every aspect of that Order. That includes, for example, defending any *Burlington/Devon*-specific reasons for remand that Devon may dispute. That also includes challenging the Order's rulings on timeliness and other procedural defects—which, if credited, will affirm the remand of *Burlington/Devon* itself while also requiring the remand of this case and the other related cases. And that includes challenging the

Order's rulings on the merits in declining to remand this case and the other related cases.

To ensure full appellate review, Louisiana has taken two relevant steps. First, Louisiana has filed a notice of cross-appeal of the Order in *Burlington/Devon*. Second, Louisiana has filed notices of appeal in this case and every other case controlled by the Order, which the district court expressly incorporated into remand judgments across all cases.

4. With that context, the Court should take two steps today: (a) consolidate this case with *Burlington/Devon*, No. 26-30505, and (b) deny the motion to dismiss this appeal for lack of jurisdiction, or else carry the motion with the case and refer it to the merits panel.

a. To start, the Court should consolidate this case (and the other related cases) with *Burlington/Devon*, No. 26-30505. Like *Burlington/Devon*, each case arises from the Order, which, as the district court has characterized it, is a "consolidated ruling" that resolves the remand issues across all cases. Dist.Ct.ECF 40. It thus makes eminent good sense for only one merits panel of this Court to address the appeals arising from the Order—and for the parties to file streamlined briefs

rather than (as today's filings illustrate) duplicative briefs in seven or eight different dockets, *see* Fed. R. App. P. 28(i).

That is especially so given that some of the issues that Louisiana will raise in *Burlington/Devon*—for example, the timeliness and other procedural defects considered in the Order—equally arise in all cases. This Court's resolution of those issues will thus apply across the board. Moreover, the district court's merits analysis that the Court will consider in *Burlington/Devon* is built on the district court's preceding merits analysis in this case and the related cases, which the Court will review in this case and those related cases. Again, it thus makes eminent good sense for only one merits panel of this Court to address those issues.

At a minimum, therefore, the Court should consolidate this case and the related cases with *Burlington/Devon*, No. 26-30505. Opposing counsel opposes this request and intends to file a response.

b. The Court also should deny the motion to dismiss this appeal for lack of jurisdiction, or alternatively carry the motion with the case and refer it to the merits panel. The motion claims that this Court lacks jurisdiction to review the Order because, *in this case*, the result of the Order was to deny a remand to state court—and generally "an order

denying remand is not final and appealable." Mot. 1; *see id.* at 2 (stating that "the district court denied [Louisiana's] motion [to remand] in a careful 34-page opinion," *i.e.*, the Order).

That argument is not forthcoming. As discussed above, the Order is an order both denying remand *and* granting remand. That fact—and the Order—does not change depending on the consequences of the Order for a particular case. And there is no question that Congress has expressly authorized the appeal (in a federal-officer removal case) of "an order remanding a case to the State court from which it was removed." *BP P.L.C.*, 593 U.S. at 237 (quoting § 1447(d)). That precisely describes the Order—and thus, this Court's jurisdiction is statutorily secured.

Insofar as the motion suggests that this Court could carve up the Order into appealable and non-appealable pieces, that suggestion is legally foreclosed and factually impossible. It is legally foreclosed because the Supreme Court has emphasized that "the statute allows courts of appeals to examine the whole of a district court's 'order,' not just some of its parts or pieces." *Id.* And it is factually impossible because, as noted above, the issues in the Order are inextricably intertwined, including because some issues arise and were resolved in the Order equally across

all cases. Indeed, Louisiana's raising of those issues in *Burlington/Devon* alone—and this Court's resolution of those issues in Louisiana's favor—would directly compel a remand in this case and the related cases. That is about the best reason imaginable for denying the motion to dismiss, or at least carrying the motion with this case and consolidating the case with *Burlington/Devon*.

## CONCLUSION

The Court should consolidate this case with *Burlington/Devon*, No. 26-30505. The Court also should deny the motion to dismiss this appeal for lack of jurisdiction, or alternatively carry the motion with the case and refer it to the merits panel.

Respectfully submitted,

*/s/ Victor L. Marcello*
VICTOR L. MARCELLO
A. PAUL LEBLANC, JR.
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
(225) 400-9991
vmarcello@tcmlawoffice.com

*Counsel for Appellant Parish of Cameron*

ELIZABETH B. MURRILL
Attorney General

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA
Solicitor General
CAITLIN HUETTEMANN
Assistant Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

*Counsel for Appellants Louisiana and Louisiana Department of Energy and Natural Resources*

**CERTIFICATE OF SERVICE**

I certify that on October 19, 2026, I filed the foregoing brief with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record.

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

## CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that this motion complies with:

(1) the type-volume limitations of Federal Rule of Appellate Procedure 27 because it contains 1,634 words; and

(2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016 (the same program used to calculate the word count).

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

Dated: October 19, 2026