No. 26-30556

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

PARISH OF CAMERON,
*Plaintiff-Appellant*,

STATE OF LOUISIANA, EX REL ELIZABETH B. MURRILL, ATTORNEY GENERAL, STATE OF LOUISIANA; LA DEPT OF CONSERVATION & ENERGY, FORMERLY KNOWN AS LA DEPT OF NATURAL RESOURCES OFFICE,
*Intervenor Plaintiffs-Appellants*,

v.

BAY COQUILLE, INCORPORATED; CHEVRON U.S.A. HOLDINGS, INCORPORATED; ENDEAVOR ENERGY RESOURCES, L.P.; HELIS OIL & GAS COMPANY, L.L.C.; HILCORP ENERGY COMPANY; KILROY COMPANY OF TEXAS, INCORPORATED; SOUTHPORT EXPLORATION, INCORPORATED; TEXAS COMPANY, FORMERLY KNOWN AS TEXACO, INCORPORATED
*Defendants-Appellees*.

On appeal from the United States District Court for the
Western District of Louisiana (Doughty, C.J.)
No. 2:26-cv-1339

# REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION OF DEFENDANTS-APPELLEES CHEVRON U.S.A. HOLDINGS, INC. AND TEXAS COMPANY AND OPPOSITION TO APPELLANTS' MOTION TO CONSOLIDATE

COUNSEL LISTED ON INSIDE COVER

PAUL D. CLEMENT
C. HARKER RHODES IV
JOSEPH J. DEMOTT
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
Telephone: (202) 742-8900

JENNIFER J. CLARK
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005

ALEXANDRA WHITE
ERIC J. MAYER
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002

CHARLES S. MCGOWAN III
PAMELA R. MASCARI
KEAN MILLER LLP
II City Plaza
400 Convention St., Suite 700
Post Office Box 3513 (70821)
Baton Rouge, LA 70801

MICHAEL R. PHILLIPS
CLAIRE E. JUNEAU
KEAN MILLER LLP
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112

***Counsel for Chevron USA Holdings, Inc.,***
***The Texas Company***

## INTRODUCTION

Cameron Parish and the State of Louisiana (collectively, "Appellants") seek to appeal the district court's order denying remand in this case. *See* Order, Dkt.40, *Par. of Cameron v. Bay Coquille, Inc.*, No. 26-1339 (W.D. La. Aug. 21, 2026) (denying remand). Appellants do not dispute, however, that the order they are seeking to appeal is not a final appealable order. Mot. 1. Indeed, the Parish conceded as much in a related case in the district court. *Id*. Because the order that Appellants challenge is not appealable, this Court lacks jurisdiction over this appeal.[1]

Appellants have no answer to that fundamental jurisdictional problem. Instead, they attempt to manufacture appellate jurisdiction over this case by combining their opposition to Defendants-Appellees' motion to dismiss with a belated motion to consolidate their improper appeal with a different, proper appeal—one brought by a different party challenging a different order that *granted* remand in a different case. That is not how either jurisdiction or consolidation works. Even when cases are consolidated, "[e]ach constituent case must be analyzed individually on appeal to ascertain jurisdiction and to decide its disposition." *Diece-Lisa Indus.,*

[1] Defendants-Appellees recognize that a motions panel of this Court issued an order today carrying with the case both Defendants-Appellees' motion to dismiss the appeal for lack of appellate jurisdiction and Appellants' motion to consolidate their improper appeals with Devon's proper appeal. See Dkt.52, *Par. of Cameron v. Bay Coquille, Inc.*, No. 26-30556 (Oct. 26, 2026). Defendants-Appellees submit the present combined reply / opposition to complete the briefing on the motion to dismiss and to provide Defendants-Appellees' response to Appellants' consolidation motion.

*Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 246-47 (5th Cir. 2019) (citing *Hall v. Hall*, 584 U.S. 59, 72 (2018)). That analysis yields a straightforward answer here: there is no jurisdiction in *this* case, because the order that Appellants challenge in *this* case is an interlocutory order that *denied* remand. Appellants cannot use consolidation to fabricate appellate jurisdiction where none exists.

Appellants' jurisdictional dilemma is entirely of their own making. Appellants chose to carve up the Louisiana coastal zone into multiple lawyer-drawn "operational areas" and file separate lawsuits for each area in an attempt to avoid federal jurisdiction over their claims. When each of Appellants' separate cases was later removed, they came to federal court as the individual cases Appellants had filed. Appellants did not seek to consolidate the cases. They moved to remand each of them individually. And the district court denied Appellants' remand motions in seven separate orders entered in each of seven separate cases,[2] while also separately entering a different order *granting* remand in an eighth case—the case that Appellants now attempt to use to create jurisdiction over their improper appeals.[3]

---

[2] Order, Dkt.30, *Par. of Cameron v. Ballard Expl. Co.*, No. 26-1341 (W.D. La. Aug. 21, 2026); Order, Dkt.101, *Stutes v. BASF Corp.*, No. 26-1336 (W.D. La. Aug. 21, 2026); Order, Dkt. 18, *Par. of Cameron v. BP Am. Prod. Co.*, No. 26-1347 (W.D. La. Aug. 21, 2026); Memorandum Order, Dkt.61, *Par. of Cameron v. Alpine Expl. Co.*, No. 26-1337 (W.D. La. Aug. 19, 2026); Order, Dkt.40, *Par. of Cameron v. Bay Coquille, Inc.*, No. 26-1339 (W.D. La. Aug. 21, 2026); Order, Dkt.49, *Par. of Cameron v. BEPCO L.P.*, No. 26-1340 (W.D. La. Aug. 21, 2026); Order, Dkt.38, *Par. of Cameron v. Brammer Eng'g Inc.*, No. 26-1349 (W.D. La. Aug. 21, 2026).

[3] Judgment, Dkt.47, *Par. of Cameron v. Burlington Res. Oil & Gas Co.*, No. 26-1335 (W.D. La. Aug. 21, 2026), *appeal filed sub nom. Louisiana v. Devon Energy Prod. Co.*, No. 26-30505.

Appellants are seeking consolidation in a vain attempt to use the appealable order in the case where Appellants *won* remand to create appellate jurisdiction over each of the interlocutory orders in the cases where Appellants *lost*. Consolidation, however, cannot cure the absence of appellate jurisdiction over the seven interlocutory orders that Appellants seek to appeal. The Court should grant the motion to dismiss and deny Appellants' motion to consolidate.[4]

## ARGUMENT

Appellants ask this Court to "take two steps": (1) consolidate this improper appeal (and six others) with a proper appeal by a different party, defendant Devon Energy Production Co., L.P., in a different case, docketed at No. 26-30505 (the "*Devon* appeal"); and (2) deny Defendants-Appellees' motion to dismiss this appeal because the district court issued a single opinion explaining its reasoning for both the seven interlocutory orders where it denied remand (which Appellants have improperly attempted to appeal) and the one order where it granted remand (which Devon has properly appealed). Opp.7. Neither step is appropriate. Consolidation does not create jurisdiction where none exists, and providing reasons in a single

[4] Because Appellants have likewise opposed dismissal and moved to consolidate in six other related appeals, Defendants-Appellees are simultaneously filing a similar reply in support of their motion to dismiss and opposition to Appellants' motion to consolidate in each of those related appeals as well. *See Par. of Cameron v. Chevron USA Holdings, Inc.*, No. 26-30555; *Par. of Cameron v. Chevron USA Holdings, Inc.*, No. 26-30557; *Par. of Cameron v. Union Oil Co. of Cal.*, No. 26-30559; *Par. of Cameron v. Chevron Pipe Line Co.*, No. 26-30561; *Stutes v. BASF Corp.*, No. 26-30567; *Par. of Cameron v. Chevron USA, Inc.*, No. 26-30569.

opinion for separate orders in multiple cases does not obviate the separate jurisdictional analysis as to each order.

## I. The Court Should Dismiss This Appeal For Lack of Jurisdiction.

Appellants do not—and cannot—dispute that "an order denying remand of a case removed to federal court is not a final order." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 552-53 (5th Cir. 1981). That "well settled" principle, *Davis v. Allstate Ins.*, No. 24-30547, 2024 WL 5414154, at *1 (5th Cir. Dec. 27, 2024), requires dismissing this appeal for lack of appellate jurisdiction.

Appellants nevertheless assert that if the Court were to consolidate their improper appeals (from interlocutory orders denying remand) with the *Devon* appeal (from a final order granting remand), then there would be jurisdiction over Appellants' improper appeals. That is incorrect. As this Court has explained, even when cases are consolidated (and here they have not been and should not be), "[e]ach constituent case must be analyzed individually *on appeal* to ascertain jurisdiction and to decide its disposition." *Diece-Lisa*, 943 F.3d at 246-47 (emphasis added) (citing *Hall*, 584 U.S. at 72). That proposition follows directly from the traditional understanding of consolidation, which stretches back more than two centuries. *See Hall*, 584 U.S. at 66. In particular, consolidation merely "enable[s] more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them." *Id.* at 67. The Supreme Court in *Hall* and this Court

in *Diece-Lisa* therefore required individual analysis of each constituent case to determine whether jurisdiction existed over each one, even though the constituent cases had been consolidated by the district court—a step that Appellants never even sought to take in the district court here.

The same principles apply even when the district court issues a single consolidated order addressing multiple cases. *Hall* relied on an earlier case, *Rich v. Lambert*, 53 U.S (12 How.) 347 (1851), in which the Supreme Court "considered an appeal from several consolidated cases." *Hall*, 584 U.S. at 67. The amount-in-controversy limit for appellate jurisdiction was $2,000, and some of the appealed cases met it, while others did not. *Id.* The Supreme Court "declined to view the consolidated cases as one *for purposes of appeal*, concluding that [it] had jurisdiction only over those constituent cases that individually involved damages exceeding $2,000." *Id.* at 67-68 (emphasis added). The appeals came from one consolidated order, but the Court held that appellate jurisdiction still needed to be decided individually.

These principles foreclose Appellants' consolidate-to-create-jurisdiction request. In the interests of "more efficient case management," *Hall*, 584 U.S. at 67, the district court here wrote one opinion that addressed multiple cases and explained why the court denied remand in some of those cases while granting remand in others. The district court then properly entered a separate order in each case denying or

granting remand, *supra* notes 2 & 3, thereby "preserving the distinct identities of the cases" and keeping the jurisdictional lines clear, *Hall*, 584 U.S. at 67. Appellants separately appealed from each individual order denying remand, filing a separate notice of appeal from each such order. The fact that this Court has jurisdiction to review the district court's order *granting* remand in the *Devon* appeal does not somehow establish jurisdiction to review the interlocutory orders *denying* remand in the other cases—and the district court's decision to provide its reasoning underlying all of those distinct orders in a single opinion does not alter that straightforward analysis.

Appellants' contrary arguments are meritless. *First*, Appellants recognize that the order denying remand "*in this case*" is "not final and appealable," but say that "this Court's jurisdiction is … secured" because, they contend, the district court's opinion "is an order both denying remand *and* granting remand." Opp.8-9. Appellants are mistaken. The district court issued a single *opinion* explaining its reasoning, but it issued a separate *order* in each case either granting or denying remand in that particular case. That is hardly surprising; after all, a single case cannot be both remanded and not remanded at the same time. As a result, in analyzing each case "individually on appeal to ascertain jurisdiction," *Hall*, 584 U.S. at 72, this Court must take into account the different "consequences" of the district court's opinion for each "particular case," Opp.9. This Court accordingly has jurisdiction

over appeals from final orders *granting* remand, but it does not have jurisdiction over appeals (like this one) from interlocutory orders *denying* remand, even if the reasoning explaining both types of orders appears in the same opinion.

*Second*, Appellants mischaracterize the Supreme Court's decision in *BP P.L.C. v. Mayor of Balt.*, 593 U.S. 230, 237 (2021), to argue that this Court cannot "carve up" the district court's opinion addressing multiple different cases "into appealable and non-appealable pieces." Opp.9. *BP P.L.C.* addressed an order *in a single case*, where the district court had *granted* remand for multiple reasons. The Court explained that 28 U.S.C. §1447(d) authorizes appeal of "a formal command from a district court returning the case to state court" and that "when a district court's removal order rejects all of the defendants' grounds for removal, §1447(d) authorizes a court of appeals to review each and every one of them." 593 U.S. at 237. Here, the only "command from a district court returning the case to state court" is the order granting remand in the *Devon* case. Appellants appealed different (interlocutory) orders in different cases, none of which returned the case to state court. This Court must therefore assess whether it has appellate jurisdiction over each separate order in each individual case. Again, a consolidated opinion does not create jurisdiction en masse over all of the individual cases to which it may apply. Nothing in *BP P.L.C.* suggests that an appealable order granting remand in one case can be used to bootstrap jurisdiction over multiple non-appealable orders *denying*

remand in multiple different cases. The motion to dismiss should be granted.

## II. The Court Should Deny Appellants' Request for Consolidation.

This Court should also deny Appellants' meritless request for consolidation. The simplest way to dispose of that request, of course, would be to simply grant the motions to dismiss this and the other improper appeals first, after which the motion for consolidation can be denied as moot because there will be no improper appeals left to consolidate with the *Devon* appeal. Even if this Court were to consider Appellants' assorted consolidation arguments, however, those arguments are meritless in their own right.

*First*, Appellants argue that "only one merits panel" should address all of the appeals "arising from" the district court's "consolidated ruling." Opp.7-8. But that presumes that all of the appeals here should properly reach a merits panel; in reality, this Court has no appellate jurisdiction over this appeal (and the six others like it), and so this appeal should be dismissed immediately. Appellants' position also misunderstands the nature of the district court's "consolidated" opinion. The district court wrote one opinion for efficiency's sake, but it did not apply the same reasoning to every case and was not asked to consolidate any of them. Instead, the district court separately applied its opinion to each individual case, reaching different results in different cases and explaining why, and entering separate orders in each docket. As Appellants themselves say, the opinion had different "consequences" for each

"particular case," Opp.9, and so the opinion had different jurisdictional consequences for each case as well.

*Second*, in another twist on the same point, Appellants argue that the *Devon* appeal will allow them to "defend or challenge every aspect" of the district court's opinion, including the district court's "rulings on timeliness and other procedural defects." Opp.6-7, 9-10. According to Appellants, a hypothetical ruling in their favor on those issues might "directly compel a remand in this case." *Id.* But Appellants' speculation about the possible grounds for a future decision in the *Devon* appeal is no basis to assume jurisdiction over Appellants' separate appeal from an interlocutory order here. On the contrary, that approach would allow Appellants to end-run the rules of appellate jurisdiction, contravening the basic principle that consolidation cannot alter the "rights to which the parties would have been due had consolidation never occurred." *Hall*, 584 U.S. at 72.

## CONCLUSION

For the foregoing reasons, and those in Defendants-Appellees' motion to dismiss, the Court should dismiss this appeal and deny the motion to consolidate.

Respectfully submitted:

Dated: October 26, 2026

*<u>/s/ Paul D. Clement</u>*

PAUL D. CLEMENT
C. HARKER RHODES IV
JOSEPH J. DEMOTT
CLEMENT & MURPHY, PLLC

706 Duke Street
Alexandria, VA 22314
Telephone: (202) 742-8900

JENNIFER J. CLARK
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005

ALEXANDRA WHITE
ERIC J. MAYER
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002

CHARLES S. MCGOWAN III
PAMELA R. MASCARI
KEAN MILLER LLP
II City Plaza
400 Convention St., Suite 700
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70801

MICHAEL R. PHILLIPS
CLAIRE E. JUNEAU
KEAN MILLER LLP
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112

***Counsel for Chevron USA Holdings Inc. and The Texas Company***

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2026, a copy of the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ Paul D. Clement*

## CERTIFICATE OF COMPLIANCE

This document complies with the length limits of FED. R. APP. P. 27(d)(2) because this document contains 2,269 words.

This document complies with the typeface and type-style requirements of FED. R. APP. P. 27(d)(1)(E) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

Dated: October 26, 2026 /s/ *Paul D. Clement*